## O'HERN v. T. SMITH & SON, Inc.

(District Court, E. D. Louisiana. October 23, 1925.)

No. 17302.

Master and servant ⬳278(3)—Evidence held to establish stevedore's negligence in failing to provide safe and proper place for longshoreman to work, or in failing to properly direct work.

Evidence *held* to establish negligence of stevedore in exposing ·longshoreman removing bulk cargo of kainite to unsafe and improper place to work, or in failing to properly direct work.

In Admiralty. Libel by Mac O'Hern against T. Smith & Son, Inc. Decree for libelant.

John T. Convery, of New Orleans, La., for libelant.

Walter Carroll (of Terriberry, Rice & Young), of New Orleans, La., for respondent.

BURNS, District Judge. Libelant, a longshoreman, claims of the defendant T. Smith and Son, Inc., a stevedore, $15,000 as damages for personal injuries resulting from its alleged negligence in exposing him to an unsafe and improper place to work, and to an extraordinary hazard not generally assumed by longshoremen in course of their employment, in that by its order, through its officers and supervisory agents, the defendant required a certain bulk cargo of kainite to be removed by cutting or digging a channel through its center from the highest point in the ship's hold to the bottom thereof, by reason of which, after working in the ship's hold some six days previously, he was injured by the sliding of a mass of kainite, which caved in, falling on him, and jamming him against an iron hoisting tub; that he sustained serious and total injuries, "consisting of traumatism to the muscles and intervertebral discs and a chronic lumbo strain, a chronic strain of the ligaments of the lower back."

The defendant's answer is a general denial specially denying that any personal and specific instructions were given as to the manner in which the kainite should be unladened, or that the libelant was exposed to an unsafe place to work or any extraordinary hazard, and specially avers that, if libelant received any injury, the same resulted from the doing of his work in an improper manner.

It is upon this point that the testimony of the witnesses is most conflicting. Libelant's contention is that the defendant ordered the mass of kainite channeled or tunneled, in negligent disregard of the safety of the laborers, because thereby its profits increased in proportion to the speed with which it was moved, the theory being that the caving, crumbling, and sliding of the mass, aided by gravity, increased as the lateral pressure increased with the depth of the channel through its center, and this reduced the manual operation with picks and shovels, with a consequent saving in labor cost per hour to the defendant; that this negligence was accentuated by the insistence of the stevedore that the cut be extended to the bottom of the hold, whereas the danger of accidents would have been minimized had the mass been reduced to a uniform level by gradual channel cutting not above man (or head or shoulder) height. Respondent, on the other hand, contends that the operation was simple, consisting merely of picking and shoveling the kainite in the hoist tubs, and not more dangerous than the men themselves might voluntarily make it; that it was immaterial to the stevedore how they handled the cargo; that no specific orders were necessary to be given, and none were given. Moreover, that in hold No. 4, where the accident occurred, the cargo had been previously removed in part at another port before the ship arrived in the port of New Orleans, so that the center of this particular mass had been considerably depressed, and the remainder consisted of two heaps, one aft and one forward of the hatch, the channel in same parallel to the bulkheads running crosswise and not fore and aft; that this condition of the mass had been changed by some four or five days' labor of the eight men of whom libelant was one, so that on the day of the accident there was a wide clearance in the center, the forward pile being then about 15 feet high and that aft about 9 feet; that the caving and slide which caused the injury was from the lesser heap, and could not be accounted for except on the theory that libelant had carelessly grazed or picked too much at the base, or his fellow servants did so, or, at least, the happening was the result of an ordinary risk he assumed as a condition of his employment.

A careful analysis of the evidence, much of which is contradictory, resolves a fair preponderance in favor of libelant. From the nature of the work it was impossible for him at all times to face the ·material on constant lookout for possible slides. When struck, he was between the heap and the hoist tub, and necessarily, in filling the lat-

ter, he turned as he filled it. The testimony of the stevedore and his foreman, of whom there were two on the ship, is not convincing. The mere fact that the work required the constant presence of such supervisors might reasonably be considered sufficient evidence of conscious necessity for specific instruction and direction in operation details to the men. If it were assumed that no orders or directions were given as they testify, then, considering the duty imposed upon them to provide a safe condition to the laborers, they were none the less negligent in failing to so direct the work that the mass of material might at no time attain a menacing condition. When the slide occurred, the heap at the aft bulkhead was about 9 feet high, a towering menace to a person at its base. If the mass had been reduced gradually to a more nearly uniform level, with banks or sides not above man height, which the evidence indicates to be recognized as good practice, the menace to safety would have been reduced, if not entirely avoided. In this the master negligently failed in his duty to the servant.

As to the character and extent of the injury which libelant claims to be total and permanent, so that he is and will be unable to follow the pursuit of his calling, there is not sufficient evidence to justify a decree for such quantum as would ordinarily follow a finding favorable to him upon that claim. The evidence tends strongly to show that other ailments or physical infirmities contribute to his physical disability. There is, however, abundant proof that he did suffer, as a direct result of the accident, considerable physical pain and a loss of considerable employment, for which he is entitled to a decree. The damages can only be approximated.

There will accordingly be a decree in favor of Mac O'Hern, libelant, and against the respondent in the sum of $2,000, with interest.